IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SCOTT HUFFAKER, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | **CIVIL ACTION NO.:** |
| v. | ) ) | 17-CV - 00340-WS-C |
| RICCI OPERATING, LLC, | ) | **JURY DEMAND** |
| | ) | |
| Defendant. | ) | |

## COLLECTIVE ACTION COMPLAINT

**COMES NOW** the Plaintiff, Scott Huffaker, (hereinafter "Plaintiff"), as well as all similarly situated present and former employees, and file this lawsuit against Defendant, Ricci Operating, LLC (hereinafter "Defendant"), pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and for this cause of action states the following:

1.      Defendant is a corporation conducting business in the State of Alabama. Specifically, the defendant owns and operates restaurants in Fairhope, Alabama, which is located in the Southern District of Alabama.

2.      At all times material to this action, Plaintiff, as well as all similarly situated present and former employees, was employed by Defendant as a server in their restaurant located in Fairhope, Alabama, which is in the Southern District of Alabama. Plaintiff also worked for a short period of time as an Assistant Manager for the defendant at its other restaurant, Shux, also located in Fairhope, Alabama. At all times relevant to this complaint, Plaintiff was employed by the defendant, Ricci Operating, LLC.

3.      This action is brought pursuant to the FLSA, 29 U.S.C. §201 *et seq.* and specifically the collective action provision of the Act found at §216(b), for equitable and injunctive relief and to remedy violations of the wage provisions of the FLSA by Defendant which have deprived Plaintiff, as well as all similarly situated present and former employees, of their lawful wages.

4.      This action is brought to recover unpaid compensation, in the form of unpaid minimum wage compensation, owed to the Plaintiff, as well as all similarly situated present and former employees, pursuant to the FLSA.  For at least three years prior to filing this complaint, Defendant has had a uniform policy and practice of consistently improperly paying Servers according to the tip credit for all hours worked, including hours spent performing non-tip producing activities, when those Servers spend more than 20% of their time per week performing non-tip producing activities.

5.      Plaintiff, as well as all similarly situated present and former employees, seeks unpaid compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

6.      Defendant is subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit.

7.      At all times material to this action, Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

8.      At all times material to this action, Defendant is an interstate company whose employees are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.  The annual gross volume business of the defendant exceeds $500,000.00.

2

9.     At all times relevant to this action, Defendant was the "employer" of Plaintiff as defined by §203(d) of the FLSA.

10.     At all times material to this action, Plaintiff, as well as all similarly situated present and former employees, was an "employee" of Defendant as defined by §203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three years preceding the filing of this lawsuit.

11.     The provisions set forth in §§206 and 207, respectively, of the FLSA apply to Defendant and to Plaintiffs who are/were covered by §§206 and 207 of the FLSA during their employment with Defendant.

## COUNT ONE - COLLECTIVE FLSA MINIMUM WAGE VIOLATIONS

12.     Plaintiff re-alleges and incorporates by reference paragraphs 1-11, above, with the same force and effect as if set out in specific detail herein below.

13.     Plaintiff began working as a Server for the defendant at Gambino's Italian Grill in July 2015.  Except for a one week period in September 2015, when he worked as an Assistant Manager assigned to the defendant's other restaurant, Shux, he worked as a Server at Gambino's Italian Grill until June 2016 , when he voluntarily ended his employment. Count One of this lawsuit relates solely to the time that Plaintiff worked as a Server at Gambino's Italian Grill.  The class of similarly situated individuals referred to herein all worked as Servers at Gambino's Italian Grill.

14.     For the time period within three years preceding the filing of this suit, Defendant has had a common policy and practice of claiming a tip credit for all employees employed as Servers at Gambino's Italian Grill.  Plaintiff and all other similarly situated individuals were not paid the minium wage of $7.25 per hour, but instead were paid an hourly rate of $2.13 per hour by the

3

defendant. Defendant claimed a tip credit of $5.12 per hour for the remainder of the minimum wage rate.

15.     For the time period within three years preceding the filing of this suit, Defendant has had a common policy and practice of paying Servers at Gambino's Italian Grill a reduced direct hourly wage that is below the federally mandated minimum wage.

16.     For the time period within three years preceding the filing of this suit, Defendant has had a common policy and practice of claiming a portion of Gambino's Servers' tip money (i.e., money that is left by customers for Servers) and using it to satisfy Defendant's minimum wage obligations.

17.     As a regular part of Defendant's operations, Gambino's Italian Grill opened to customers at 5 p.m. each evening. However, opening Gambino's Servers were required and scheduled as part of their job to arrive at work and begin working on non-tip producing side work activities at 3 p.m. or earlier, which is 2 or more hours prior to opening and the service of any customers. Defendant claimed the tip credit for these hours when there were no customers in the restaurant to be served or to leave tips for Servers.

18.     During this 2 or more hour period when Gambino's Servers were required to be at work prior to opening, Servers would perform such tasks as cutting lettuce for salads, cutting tomatoes and onions for salads, shredding carrots for salads, preparing 5 gallon containers of salad dressing, prepping and buttering bread, making tea, prepping the coffee machine, cutting lemons, filling bottles with salad dressing for sale, mopping, vacuuming, putting chairs and rugs in place, checking candles and replacing fuel, wiping all chairs and tables, .

19.     In addition, as a regular part of Defendant's operations, Gambino's Italian Grill was

4

scheduled to close at 9 p.m. on Monday through Thursday, 10 p.m. on Friday and Saturday, and 8:30 p.m. on Sunday. At some point during the night, Gambino's Servers who were assigned to closing were taken off of the floor and stopped serving customers at that time. The closing Servers then would spend an hour or more on Sunday through Thursday, and an hour and a half or more on Friday and Saturday, performing non-tip producing side work such as sweeping, vacuuming, mopping, wiping tables and chairs, moving chairs and tables, cleaning silverware, polishing silverware, rolling silverware, cleaning the salad stall in the kitchen, refilling salt and pepper shakers, picking up trash off the floor and from under tables, cleaning the server stations, restocking condiments, emptying trash cans and replacing can liners, breaking down the soda machine, emptying and washing tea urns, wiping the counters, restocking water glasses, coffee cups and saucers, cleaning the roll room, wiping down server books/check presenters, putting condiments into a temporary container, cleaning condiment pans, cleaning the salad cooler and cutting board, storing leftover lettuce, cleaning lettuce pans and returning to the salad cooler, cleaning the slicer.

20.    Gambino's Servers also performed non-tip producing side work during their shift, such as, rolling silverware, making tea and coffee, prepping salads, prepping bread, and cleaning.

21.    Servers at the Gambino's would routinely spend up to 40-50% of their time during a week performing non-tip producing side work. Defendant claimed the tip credit for all hours worked by Gambino's Servers; and Plaintiff, and the other similarly situated Gambino's Servers, was paid $2.13 per hour for all hours worked, including those hours when they were working before the restaurant opened to customers, those hours when they were removed off the floor to perform closing tasks and were no longer serving customers, and those hours during their shift when they were performing side work, along with waiting on customers.

5

22.     Defendant has intentionally failed and/or refused to pay Plaintiff, as well as all similarly situated present and former Gambino's Servers, their proper minimum wage rate according to the provisions of the FLSA.

23.     For at least three years, Defendant has been aware of the requirements of the FLSA and its corresponding regulations and their own violations of the FLSA.

24.     Defendant has intentionally and repeatedly misrepresented the true status of the tip credit to the Gambino's Servers.  Plaintiff, as well as all similarly situated present and former Gambino's Servers, relied upon these misrepresentations by Defendant and were unable to determine their true status under the FLSA by the exercise of reasonable diligence because of those misrepresentations.

25.     As a result of the actions of Defendant in fraudulently concealing the true status of their employees when performing duties under the FLSA, the applicable statute of limitations governing FLSA actions at 29 U.S.C. §255(a) is tolled for as long as Defendant engaged or engages in the fraudulent and misleading conduct set forth above, which is a period of at least ten (10) years. Defendant is estopped from raising such statute of limitations as a bar.

26.     There are numerous similarly situated employees and former Gambino's Servers who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable and locatable through Defendant's records.  Specifically, all Gambino's Servers who have been employed with Defendant and have not been properly compensated, would benefit from Court-Supervised Notice and the opportunity to join the present lawsuit and should be so notified.

27.     Defendant further has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff, as well as all similarly situated present and former Gambino's Servers in accordance with §207 of the FLSA.

28.     Defendant further has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff, as well as all similarly situated present and former Gambino's Servers, in accordance with §207 of the FLSA.

29.     As a result of Defendant's violations of the FLSA, Plaintiff, as well as all similarly situated present and former Gambino's Servers, has suffered damages by failing to receive compensation in accordance with §207 of the FLSA.

30.     In addition to the amount of unpaid wages and benefits owed to the Plaintiff, as well as all similarly situated present and former Gambino's Servers, they are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b) and prejudgment interest.

31.     Defendant's actions in failing to compensate Plaintiff, as well as all similarly situated present and former Gambino's Servers, in violation of the FLSA, were wilful.

32.     Defendant has not made a good faith effort to comply with the FLSA.

33.     Plaintiff, as well as all similarly situated present and former Gambino's Servers, are also entitled to an award of attorney's fees pursuant to 29 U.S.C. §216(b).

34.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for lost overtime and wages, back-pay, declaratory judgment, injunctive relief, and compensatory and punitive damages is their only means of securing adequate relief.

7

35.     Plaintiff, as well as all similarly situated present and former Gambino's Servers, is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this cause of action.

## COUNT TWO - INDIVIDUAL RETALIATORY DEMOTION CLAIM OF SCOTT HUFFAKER

36.     Plaintiff re-alleges and incorporates by reference paragraphs 1-35, above, with the same force and effect as if set out in specific detail herein below.

37.     In September 2015, Plaintiff, Scott Huffaker, was promoted by the defendant from the position of Server at its Gambino's Italian Grill restaurant to the position of Assistant Manager at it's Shux restaurant, also located in Fairhope, Alabama.  Huffaker was paid a salary in this position.  It was typical for Defendant's management employees to work at both Gambino's and Shux.

38.     While employed by the defendant as Assistant Manager at Shux, at a weekly meeting on a Wednesday, Huffaker made complaints to management and owners regarding the pay of Gambino's Servers.  Specifically, Huffaker complained that the company was violating the FLSA by requiring Gambino's Servers to perform such a high percentage of side work before, during, and after their shifts.  Huffaker even referenced a similar case that had been brought against Ruby Tuesday as part of his complaint in the meeting.

39.     Present at this Wednesday manager's meeting were Rick Gambino, Owner, Sabrina Shepherd, General Manager, Fred Nolte, General Manager, and Huffaker.

40.     After he raised this complaint regarding FLSA violations, Rick Gambino cut him off and said the he had not heard anyone complain about their pay. Rick Gambino also said that he did

not think this was the law anymore, that the law had changed. Sabrina Shepherd then stated that she believed it was still the law.

41.     During this meeting, Fred Nolte told the plaintiff to get a lawyer, because the company was not changing they way it paid Gambino's Servers.

42.     That Friday afternoon after the Wednesday meeting, Fred Nolte came to Huffaker and told him that he was being demoted from Assistant Manager back to server.

43.     Huffaker was demoted and was not placed in any other salaried management positions with the defendant because of his complaints regarding the defendant's FLSA violations related to the Gambino's Servers.

44.     Plaintiff also presented Nolte with a copy of the DOL's Field Operations Handbook related to the tip credit. Nolte asked him what he wanted him to do with those pages. Plaintiff told him that this was the law and he wanted the company to follow it. Nolte wadded the Field Operations Handbook pages up, threw it at Plaintiff, and said "you can wipe your ass with this."

45.     The defendant has no legitimate, non-retaliatory reason Plaintiff's demotion.

46.     The plaintiff has suffered extreme harm as a result of defendant's willful conduct.

47.     The plaintiff seeks to redress the wrongs alleged herein and this suit for injunctive and declaratory judgment is his only means of securing adequate relief. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

**WHEREFORE**, Plaintiff, as well as all similarly situated present and former employees, pursuant to §216(b) of the FLSA, prays for the following relief:

1.     At the earliest possible time, they be allowed to give notice, or that the Court issue

9

such Notice, to all Defendant's employees in all locations during the three years immediately preceding the filing of this suit, to all other potential plaintiffs who may be similarly situated informing them that this action has been filed, the nature of the action, and of their right to opt-into this lawsuit if they worked overtime but were not paid compensation and benefits pursuant to 29 U.S.C. §216(b);

2.      Plaintiff, as well as all similarly situated present and former employees, be awarded damages in the amount of their respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

3.      Reasonable attorneys' fees, including the costs and expenses of this action;

4.      Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

5.      Enter an Order requiring Defendant to make Plaintiff, as well as all similarly situated present and former employees, whole by awarding them lost wages (plus interest), liquidated damages, attorney's fees and costs.

6.      Award Plaintiff damages caused by his retaliatory demotion for lost wages, compensatory damages, liquidated damages, attorneys fees and expenses, and any other relief to which Plaintiff is entitled under law.


PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY


10

Respectfully submitted,


/s/   Kevin W. Jent
Kevin W. Jent
Rachel L. McGinley
Counsel for Plaintiffs

OF COUNSEL:

WIGGINS, CHILDS, PANTAZIS
FISHER & GOLDFARB,  LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500
kjent@wigginschilds.com
rmcginley@wigginschilds.com


/s/   Henry Brewster
Henry Brewster
Counsel for Plaintiffs

OF COUNSEL:

HENRY BREWSTER, LLC
205 N. Conception St.
Mobile, AL 36603
251/338-0630
hbrewster@brewsterlaw.net


**DEFENDANT'S ADDRESS**

Serve via certified mail:
Ricci Operating, LLC
c/o Gilbert R. Gambino, Registered Agent
18 Laurel Avenue
Fairhope, AL 36532

11

## CONSENT TO BECOME PARTY PLAINTIFF

Comes now _Scott   Huffaker_ pursuant to 29 U.S.C. § 216(b) and files this

consent to become a party plaintiff in the above-referenced lawsuit.

I hereby specifically authorize the named plaintiffs, along with counsel of record

for the named plaintiffs, as my agents to prosecute this lawsuit on my behalf, to make any

and all decisions with respect to the conduct of this litigation, and to negotiate and/or

settle any and all FLSA/overtime compensation claim(s) that I have in this lawsuit

against Ricci Operating, LLC. d/b/a Gambino's Italian Grill, defendant in this lawsuit.

_Scotty   Ray   Huffaker_
Name (printed)

_Scott   Huffaker_
Signature

_6-19-17_
Date

# "A" - Summons

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the Soothern District of Alabama
Soothern Division

<table>
<tr><td>Scott Huffaker et al.<br><i>Plaintiff(s)</i></td><td>)<br>)<br>)<br>)<br>)<br>)</td><td rowspan="2"></td></tr>
<tr><td style="text-align:center">v.</td><td>)<br>)<br>)<br>)</td></tr>
<tr><td>Ricci Operating, LLC<br><i>Defendant(s)</i></td><td>)<br>)<br>)<br>)</td><td></td></tr>
</table>

Civil Action No.

17-340

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Ricci Operating LLC
c/o Gilbert R Gambino, Registered Agent
18 Laurel Avenue
Fairhope, AL 36532

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Kevin W. Jent
Wiggins Childs Pantazis Fisher & Goldfarb, LLC
The Kress Building
301 19th Street North
Birmingham AL 35203

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____         _____
                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.


Date: _____          _____
                                                    *Server's signature*


                                                 _____
                                                    *Printed name and title*


                                                 _____
                                                    *Server's address*

Additional information regarding attempted service, etc: