# Exhibit 1

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE (hereinafter referred to as the "Agreement") is made and entered into by and between Scott Huffaker, hereinafter referred to as ("Huffaker"), and Ricci Operating, LLC, (hereinafter referred to as "Ricci").

### RECITAL:

Huffaker and Ricci wish to settle fully and finally all differences between them relating to any alleged violation of the Fair Labor Standards Act, including, but in no way limited to, any work performed by Huffaker for Ricci from July 2015 to June 2016, and all differences which arise out of or relate to any alleged act or omission of Ricci, including any federal or state law claim arising out of the Huffaker's employment with Ricci, and each and all of Ricci's present, past and future owners, stockholders, officers, employees, representatives and attorneys and all persons acting by, through, under, or in concert with any of them or anyone else acting on their behalf, arising on or before the date this Agreement is executed by the parties.

NOW, THEREFORE, the parties agree as follows:

**FIRST:** **Non-Admission of Liability or Wrongdoing.**

This Agreement shall not in any way be construed as an admission by Ricci or others released herein of any liability or wrongdoing whatsoever, or as an admission by Ricci or others released herein that they have acted wrongfully in any way with respect to Huffaker or any other person, or as an admission by Ricci or others released herein that Huffaker or any other person has any rights whatsoever against Ricci or others released herein. Ricci and others released herein specifically deny any liability to or wrongful acts against Huffaker or any other person, on the part of themselves, their employees or their agents.

**SECOND:** **Consideration by Ricci.**

In consideration for the execution by Huffaker of this Agreement and compliance with the promises in the Agreement, Ricci agrees to pay Huffaker the sum of Ten Thousand and no/100 Dollars ($10,000.00) in full and complete satisfaction of all claims in the Collective Action Complaint, including any claims that could have been brought by Ricci or others targeted thereby. The settlement amount includes $2,300.00 to be allocated as back wages, $2,300.00 allocated as non-wage damages, and $5,400.00 allocated as attorneys' fees and expenses.

Huffaker understands that in the event any portion of the settlement is determined to be taxable, Huffaker agrees that he is solely responsible for all tax obligations including, but not limited to, all payment obligations which may arise as a consequence of this settlement, except to those obligations imposed by law upon Ricci to withhold any applicable deductions from that portion of the settlement constituting back pay. Huffaker further agrees promptly to pay and to indemnify and hold Ricci and others released herein harmless from and against any and all tax

{04402655.1}                    Page 1 of 4

_____ Initials

liability arising out of any dispute over the tax treatment of any of the proceeds received by Huffaker as a result of this settlement, except to those obligations imposed by law upon Ricci to withhold any applicable deductions from that portion of the settlement constituting back pay. Huffaker further agrees not to seek or make any claim against Ricci or others released herein for any loss, cost, damage or expense if a claim or adverse determination is made in connection with the tax treatment of any of the proceeds of this settlement or any portion thereof. In addition, Huffaker understands and agrees that Ricci and others released herein have no duty to defend against any claim or assertion in connection with the nonwithholding or other tax treatment of the proceeds of this settlement or any portion thereof, and Huffaker agrees to assume full responsibility for defending against any such claim or assertion.

**THIRD**: **Release by Huffaker.**

As a material inducement to Ricci to enter into this Agreement, Huffaker, on his behalf and on behalf of his heirs, administrators, representatives, executors and assigns, hereby irrevocably and unconditionally releases, acquits and forever discharges Ricci and each and all of Ricci's current, past and future owners, stockholders, agents, directors, officers, employees, representatives, and attorneys and all persons acting by, through, under, or in concert with any of them (collectively, "Releasees"), or any of them, from all claims Huffaker may have based on any claims relating to any alleged violation of the Fair Labor Standards Act, including, but in no way limited to, any work performed by Huffaker for Ricci from July 2015 until June 2016.

**FOURTH:**   **Knowing and Voluntary Waiver.**

This Agreement releases both claims that Huffaker knows about and those he may not presently know about, to the extent permitted by law. Thus, for the purpose of implementing a full and complete release and waiver of the claims set forth in the Third Paragraph, Huffaker expressly acknowledges that this Agreement is intended to include in its effect, without limitation, all claims against Ricci and others released herein (the Releasees) that Huffaker knows about and those he may not know about.

**FIFTH:**   **Governing Law.**

This Agreement is made and entered into in the State of Alabama and shall in all respects be interpreted, enforced and governed under the laws of said State.

**SIXTH:**   **Confidentiality.**

Huffaker represents and agrees that he has kept and will keep the amount and terms of this Agreement completely confidential, and that he will not hereafter disclose any information concerning the amount or terms of this Agreement or any information concerning the circumstances or allegations giving rise to his claims released herein to anyone except his tax advisor, provided his tax advisor is informed of and agrees to be bound by this confidentiality provision, and except as otherwise required by a legal tribunal. By way of illustration and without limitation, Huffaker nor his tax adviser shall disclose the fact, amount or terms of this Agreement or any information concerning the circumstances or allegations giving rise to

_____ Initials

Huffaker's claims released herein to anyone unless required by law, such as through a valid subpoena.

### SEVENTH:   No Representations.

Huffaker represents and agrees that no promises, statements or inducements have been made to his which caused his to sign this Agreement other than those expressly stated in this Agreement.

### EIGHTH:   Severability.

The provisions of this Agreement are severable, existing separately from one another, and if any part of the Agreement is found to be unenforceable, the other paragraphs shall remain fully valid and enforceable. This Agreement shall survive the termination of any arrangements contained herein.

### NINTH:  Arbitration

In the event of disputes between the parties with respect to the terms and conditions of this Agreement, such disputes shall be resolved by and through an arbitration proceeding to be conducted under the auspices of the American Arbitration Association (the "AAA") in Mobile, Alabama pursuant to the AAA's Rules. Such arbitration proceeding shall be conducted in as expedited a manner as is then permitted by those rules with each party bearing their own costs of any arbitration.  The arbitrator in any such arbitration (an "Arbitration") shall be Reggie Copeland, Jr., Esq., of Mobile, Alabama. Both the foregoing agreement of the parties to arbitrate any and all such claims, and the results, determination, finding, judgment and/or award entered through such Arbitration, shall be final and binding on the parties thereto and may be specifically enforced by legal proceedings.

**HUFFAKER ACKNOWLEDGES THAT HE HAS READ THIS AGREEMENT, UNDERSTANDS IT AND IS VOLUNTARILY ENTERING INTO IT. HUFFAKER HAS DETERMINED THAT IT IS IN HIS BEST INTEREST TO EXECUTE THE AGREEMENT ON THE DATE SHOWN BELOW.**

**PLEASE READ THIS AGREEMENT CAREFULLY. IT CONTAINS A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

Executed this _____ day of _____, 2018.

_____
Scott Huffaker

_____

_____
Ricci Operating, LLC

Executed by:_____

As its:_____

{04402655.1}          Page 4 of 4

_____ Initials