IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SCOTT HUFFAKER, etc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 17-0340-WS-C |
| | ) |
| RICCI OPERATING, LLC, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This FLSA matter is before the Court on the parties' joint motion for approval of settlement. (Doc. 25).

"Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *accord Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307-08 (11th Cir. 2013) (under *Lynn's Food Stores*, which "applies to settlements between former employees and employers" as well as current employees, an FLSA settlement not made under the supervision of the Secretary of Labor "is valid only if the district court entered a 'stipulated judgment' approving it"). The parties' motion is brought in light of *Lynn's* and *Nall*.

Upon review of the complaint, the motion and other relevant documents in the file, the Court is satisfied that the settlement of the plaintiff's minimum wage claim is fair and reasonable under the governing standards.

The Court further finds that the first two concerns articulated in *Crabtree v. Volkert, Inc.*, 2013 WL 593500 (S.D. Ala. 2013), are absent here.  There is no pervasive release, (Doc. 25-1 at 3), and although there is a broad confidentiality provision, (*id.*), the file is a public record from which may be discerned the nature of the plaintiff's claim, the allegations regarding the defendant's alleged misuse of the tip credit, and the amount paid by the defendant in settlement of this claim. (Docs. 1, 10, 25, 25-1).

The third *Crabtree* concern requires more discussion.  Unlike in many FLSA cases, it appears that the parties did not negotiate attorney's fees separately from, and subsequent to, settlement of the FLSA claim.  That the parties agreed to settle this action by a lump-sum payment of exactly $10,000, with exactly half this amount representing attorneys' fees, (Doc. 25-1 at 2), fuels this suspicion, which the parties by their silence do not assuage.  Instead, the parties assert that the amount of attorneys' fees is reasonable under the *Johnson* factors.  Based on the parties' evidence and argument, the Court is satisfied that the $5,000 fee award is not unreasonably high and does not indicate that the plaintiff's interests were sacrificed in favor of counsel's interests; on the contrary, it appears that counsel reasonably could have commanded a higher award (though not at the plaintiff's expense).  Moreover, the maximum FLSA minimum wage damages the plaintiff could recover is so modest,[1] and the evidentiary implausibility of him recovering even that amount so apparent,[2] that it does not appear he is receiving less than the most he reasonably could have recovered as unpaid minimum wages.

---

[1] The plaintiff claims $3,763.20 plus a like amount in liquidated damages.

[2] The plaintiff claims the defendant improperly took a tip credit for hours (which totaled more than 20% of his total hours per pay period) spent in non-tip-generating work.  The plaintiff claims he worked a regular, six-hour shift as a server five days every week for 42 weeks and also worked 3½ hours before and after each one of those shifts doing non-tipped work.  (Doc. 10 at 3-4).  The premise of the plaintiff's wage claim is thus that he worked 9½ hours a day, five days a week, every week of his employment.  The plaintiff, however, admits that he never worked overtime, (*id.* at 2), and the defendant's records are consistent with that.  (Doc. 13).  Because the plaintiff insists he

For the reasons set forth above, the motion is **granted** and the settlement is **approved**. Judgment shall be entered accordingly by separate order.

DONE and ORDERED this 19th day of April, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

worked a consistently scheduled six tipped hours every shift (and admits he is only guessing at his untipped hours), it is clear that he has exaggerated his untipped hours and thus could not prove the entire amount of his claimed damages.